IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01687-WJM-CBS

MICHAEL P. MAROTTA,
    Plaintiff,
v.

COOPER, M. individually and in her official capacity as a Denver Police Officer, and
THE CITY AND COUNTY OF DENVER,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (filed September 24, 2010) (Doc. # 12). Pursuant to the Order of Reference dated July 22, 2010 (Doc. # 2) and the memorandum dated September 28, 2010 (Doc. # 15), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Marotta's Response (filed September 29, 2010) (Doc. # 17), Defendants' Reply (filed October 11, 2010) (Doc. # 19), Mr. Marotta's Response to Defendants' Reply ("Surreply") (filed October 14, 2010) (Doc. # 20), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Marotta initiated this "civil action seeking monetary damages" on or about July 16, 2010, alleging three claims under Title 42 U.S.C. § 1983 for violation of his constitutional rights: (1) "Fourth Amendment - Unlawful Seizure" against Defendant Cooper; (2) "Fourth Amendment Violation - Unlawful Search" against Defendant Cooper; and (3) "Failure to Instruct, Supervise, Control, and/or Discipline Directed Against the City

and County of Denver Cognizable under 42 U.S.C. § 1983." (*See* Complaint (Doc. # 1)).[1] Mr. Marotta's claims arise out of a history of conflicts between him and other residents of a condominium building at 1200 Vine Street, Denver, Colorado. More specifically, Mr. Marotta's claims arise from his arrest on August 6, 2009. "On August 6, 2009, at or about 2:20 PM, Defendant COOPER, while on duty as a police officer in the employ of the C[ity and] C[ounty of] D[enver] as aforedescribed, was called to condominiums at 1200 Vine Street, Denver, CO." (See Doc. # 1 at ¶ 9). "Defendant COOPER then entered the condominium complex and spoke to the individual(s) who had summoned the police, as well as others, and viewed some CCTV tapes which documented events which had taken place sometime earlier that day." (*See id.* at ¶ 12). "Plaintiff told Defendant COOPER his version of events and when Defendant COOPER indicated that she did not believe Plaintiff, Plaintiff stated that she did not believe Plaintiff since she was aware that Plaintiff was presently suing other officers of the DPD who are also assigned to District 6." (*See* Doc. # 1 at ¶ 18). "Plaintiff was immediately placed under arrest by Defendant COOPER." (*See id.* at ¶ 19). "As a result [of] Plaintiff being issued the summons and his arrest, the prosecuting authority in the CCD, Colorado brought Disturbing the Peace charges against the Plaintiff in the General Sessions Court of the City of Denver, Colorado in case number 09GS136587." (*See* Doc. # 1 at ¶ 26). Mr. Marotta sues Defendant Cooper "individually

---

[1] To the extent that Mr. Marotta asserts that this court has jurisdiction pursuant to "Title 18 U.S.C. § 3231" (*see* Doc. # 1 at ¶ 4), he does not have standing to bring his claims under that statute. Federal courts have no common law jurisdiction in criminal cases. The jurisdiction of federal courts is wholly derived from Acts of the Congress conferring the authority "on a court to decide a given type of case." *Camp v. U. S.*, 587 F.2d 397 (8th Cir. 1978). Section 3231 gives "district courts original jurisdiction of all offenses against the laws of the United States." This court has no jurisdiction to institute criminal charges against the Defendants and Section 3231 does not provide a private cause of action for Mr. Marotta to institute criminal charges. *See generally, Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("private citizens generally have no standing to institute criminal proceedings").

and in her official capacity as a Denver Police Officer." (*See* Doc. # 1 at p. 1 of 9).² Mr. Marotta alleges that he "was arrested without probable cause, without a warrant, and in the absence of exigent circumstances." (*See* Doc. # 1 at ¶ 30; *see also* ¶ 34). Mr. Marotta also alleges that Defendant City and County of Denver ('Denver") "pursuant to official policy or custom or practice . . .failed to instruct, supervise, control, and/or discipline Defendant COOPER." (*See* Doc. # 1 at ¶ 39).

II.    Standard of Review

Defendants have moved to dismiss Mr. Marotta's claims pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. To survive a Rule 12(b)(6) motion, [t]he complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support plaintiff's allegations. That is, a complaint must include enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. As the Tenth Circuit has explained, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. However, [t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

---

² . . . A § 1983 claim is properly plead against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant. [O]fficial capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent. . . . Where a suit contains both entity and official capacity claims, the only defendant is the entity.

*Davoll v. Webb*, 943 F. Supp. 1289, 1295 (D. Colo. 1996) (internal quotation marks and citations omitted).

possibility and plausibility of entitlement to relief.

*Peters v. Bank of America*, 2011 WL 1045297 * 2 (D. Colo. Mar, 21, 2011) (internal quotation marks and citations omitted).  The court "must construe the filings of a pro se litigant liberally." *Peters*, 2001 WL 1045297 at * 2 (citation omitted).  However, the court "should not supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Id.*

On a motion to dismiss pursuant to Rule 12(b)(6), the court may consider materials in addition to the pleadings if such materials are public records or are otherwise appropriate for the taking of judicial notice.  Such items include orders, items appearing in the court record, and records filed in state court.  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004); *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (District Court may consider documents referred to in plaintiff's complaint and central to his claim, public records, matters of which a court may take judicial notice and decisions of governmental agencies) (citations omitted).

III.    Analysis

A.     First Claim for Relief against Defendant Cooper for Unlawful Seizure

Mr. Marotta alleges in his First Claim for Relief that Defendant Cooper unlawfully seized him in violation of his Fourth Amendment rights.  (*See* Doc. # 1 at p. 6 of 9).  Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law."  *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970).  The Fourth Amendment to the U.S. constitution provides that "[t]he right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and

the persons or things to be seized."³  To maintain a claim for unlawful warrantless arrest, Mr. Marotta must demonstrate that his Fourth Amendment right to be free from unreasonable search and seizure has been violated.  *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996).  *See also Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted).

      The court must "analyze the constitutionality of a warrantless arrest under the probable cause standard."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (citations omitted).  "A warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime." *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (internal quotation marks and citation omitted).  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Romero*, 45 F.3d at 1476 (internal quotation marks and citations omitted).  *See also United States v. Maez*, 872 F.2d 1444, 1449 n. 7 (10th Cir. 1989) ("A warrantless arrest in public with probable cause does not violate the Fourth Amendment, even though exigent circumstances do not exist.") (citation omitted).

      When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff.  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). *See also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his

---

³ The protections of the Fourth Amendment are made applicable to the states through the Fourteenth Amendment.  *Pierce v. Ohio Dept. of Rehabilitation and Corrections*, 284 F. Supp. 2d 811, 828 n. 16 (N.D. Ohio 2003).

presence, he may, without violating the Fourth Amendment, arrest the offender."). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, ___ F.3d ___, 2011 WL 1678070 * 11 (10th Cir. May 5, 2011) (internal quotation marks and citation omitted). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* Where no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, "the inquiry ends and the officer is entitled to qualified immunity." *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

Probable cause requires only a probability of criminal activity, not a prima facie showing of such activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter*, 502 U.S. at 227 (Internal quotation marks and citation omitted). The Supreme Court has "recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." *Anderson v. Creighton*, 463 U.S. 635, 641 (1987). Qualified immunity leaves "ample room for mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Applying these principles to the instant case and accepting all well pled allegations in the Complaint as true, the court concludes that Mr. Marotta has not alleged sufficient facts to state a claim against Defendant Cooper for unlawful arrest in violation of the Fourth Amendment. Mr. Marotta alleges that Defendant Cooper "while on duty as a police officer

6

. . . was called to condominiums at 1200 Vine Street, Denver, CO." (*See* Doc. # 1 at p. 4 of 9, ¶ 9). When Defendant Cooper encountered Mr. Marotta "seated on a bench in front of the condominium apartment building," she inquired "if Plaintiff had been the person who summoned the police." (*See id.* at ¶ 10). When Mr. Marotta stated that he was not the person who summoned the police, Defendant Cooper "entered the condominium complex and spoke to the individual(s) who had summoned the police, as well as others, and viewed some CCTV tapes which documented events which had taken place sometime earlier that day." (*See id.* at ¶¶ 11-12). Mr. Marotta "told Defendant Cooper his version of events and when Defendant COOPER indicated that she did not believe Plaintiff, Plaintiff stated that she did not believe Plaintiff since she was aware that Plaintiff was presently suing other officers of the DPD who are also assigned to District 6." (*See id.* at ¶ 18).

Mr. Marotta's own allegations indicate that his arrest was based on a complaint from at least one resident of his condominium building. (*See* Doc. # 1 at pp. 4-5 of 9). Victim complaints may alone form a basis of probable cause. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."). *See also Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000) ("We have found probable cause to arrest based upon uncorroborated citizen complaints . . . .") (citing *Spiegel v. Cortese*, 196 F.3d 717, 724-26 (7th Cir. 2000) (finding that the defendant police officer had probable cause to arrest the plaintiff even though the victim had waited nearly a month to make a report, and even though there were inconsistencies in the victim's report as well as evidence suggesting that the victim's charge against the plaintiff was retaliatory) and *Gerald M. v. J. Conneely*, 858 F.2d 378, 380-81 (7th Cir. 1988) (upholding district court's grant of summary judgment for police officer in a § 1983 case, reasoning that the uncorroborated complaint of a ten-year-old child that his bicycle had been stolen by two other children was sufficient to provide the officer with

probable cause to arrest the accused children, even though the arresting officer knew of a long-standing grudge between the victim's family and the family of the accused children); *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997) (finding probable cause where police officer chose to believe claimed victim's version of a fight based on visible injuries); *Pravda v. City of Albany, N.Y.*, 956 F.Supp. 174, 184-85 (N.D.N.Y. 1997) (probable cause for arrest existed based on unsworn allegation of putative victim at scene). The allegations indicate that Defendant Cooper interviewed "the individual(s) who had summoned the police, as well as others, and viewed" closed circuit tapes from the condominium building's security system "which documented events which had taken place . . . ." (*See* Doc. # 1 at ¶ 12). The information in the statement of probable cause for the summons was derived from Defendant Cooper's interview of the citizen complainant and another witness. (*See* Doc. # 12-1). "The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed." *See Weintraub v. Board of Education of City of New York*, 423 F. Supp. 2d 38, 53-54 (E.D.N.Y. 2006) (probable cause requirement is satisfied if the officer "received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth.") (internal quotation marks and citations omitted). The allegations of the Complaint and matters of public record support probable cause for a violation of Denver Municipal Code, Sec. 38-89, Disturbance of the Peace.[4] Regarding the allegation that Defendant Cooper did not believe Mr. Marotta's version of the events because "she was aware that Plaintiff was presently suing other officers of the DPD who are also assigned to District 6" (*see* Doc. # 1 at ¶ 18), "an officer's own subjective reason for the arrest is irrelevant" to the

---

[4] Sec. 38-89, Disturbance of the Peace, provides in part:
(a) Generally. It shall be unlawful for any person to disturb or tend to disturb the peace of others by violent, tumultuous, offensive or obstreperous conduct or by loud or unusual noises or by unseemly, profane, obscene or offensive language calculated to provoke a breach of the peace. . . .

determination of probable cause. *Fogarty v. Gallegos*, 523 F.3d at 1156 (citations omitted).

Based on the allegations of the Complaint and matters of public record, Mr. Marotta has not stated a claim against Defendant Cooper for unlawful arrest in violation of the Fourth Amendment. Thus, "the inquiry ends and the officer is entitled to qualified immunity." *Wilder*, 490 F.3d at 813. Defendant Cooper is entitled to qualified immunity in her individual capacity as to Mr. Marotta's First Claim for Relief.

B.      Second Claim for Relief against Defendant Cooper for Unlawful Search

Mr. Marotta alleges in his Second Claim for Relief that Defendant Cooper unlawfully searched him in violation of his Fourth Amendment rights. (*See* Doc. # 1 at pp. 6-7 of 9). "[A] warrantless search is presumptively unreasonable under the Fourth Amendment and therefore invalid unless it falls within a specific exception to the warrant requirement." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1240 (10th Cir. 2003). One of the exceptions to the warrant requirement is a warrantless search incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 762–63 (1969). "A warrant is not required for a search incident to an arrest. . . ." *United States v. Franco*, 981 F.2d 470, 472 (10th Cir. 1992) (citations omitted). "Under the search incident to arrest exception [to the Fourth Amendment's warrant requirement], a police officer, incident to an arrest, may search a person." *Lavicky v. Burnett*, 758 F.2d 468, 474 (10th Cir. 1985). A search incident to arrest allows a search not only of the arrestee, but also of the area within his "immediate control." *Chimel*, 395 U.S. at 763.

Because the court concludes that Mr. Marotta's warrantless arrest was constitutionally permissible, so too was the contemporaneous search of his person." *See Lavicky*, 758 F.2d at 474. Defendant Cooper conducted the search of Mr. Marotta immediately upon his arrest and seized "all items in his possession." (*See* Doc. # 1 at ¶ 22). As a matter of law, the search of Mr. Marotta's person was valid under the search

incident to arrest exception to the warrant requirement.  Therefore, Defendant Cooper's conduct did not result in a violation of Mr. Marotta's Fourth Amendment rights.  Defendant Cooper in her individual capacity is entitled to qualified immunity on the Second Claim for Relief.

C.        Third Claim for Relief against Defendant Denver

Mr. Marotta alleges in his Third Claim for Relief that Defendant Denver failed "to instruct, supervise, control, and/or discipline Defendant Cooper." (*See* Doc. # 1 at pp. 7-8 of 9).  Section 1983 does not provide for liability against a municipality under a theory of *respondeat superior*.  *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom.  See *id.* at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

> [M]unicpal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal custom so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage' with the force of law. Municipal liability may be also be based on the decisions of employees with final policymaking authority or the ratification by such final policymakers of the decisions-and the basis for them-of subordinates to whom authority was delegated subject to these policymakers' review and approval.  Finally, municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188-89 (10th Cir. 2010) (internal quotation marks and citations omitted).

"[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal policy or custom that caused

the plaintiff's injury." *Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (internal quotation marks and citations omitted).  "Locating a policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04.

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County*, 520 U.S. at 404.  A custom or policy may include a "continuing failure to train, supervise, or discipline its police force."  *Varela v. Jones*, 746 F.2d 1413, 1418 (10th Cir. 1984).

First, as the court determines that Mr. Marotta fails to state a claim against Defendant Cooper for a constitutional violation, without a predicate constitutional harm inflicted by an officer, no liability exists for the City and County of Denver.  *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (citation omitted).  *See also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal quotation marks and citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").  Where an individual municipal officer is entitled to qualified immunity because the officer's conduct did not violate the law, "such a finding is equivalent to a decision on the merits of the plaintiff's claim."  *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 783 (10th Cir. 1993) (citation omitted).  The court may rely on its finding of qualified immunity of Defendant Cooper to preclude the imposition of any municipal liability and dismiss the Third Claim for Relief as to Defendant Denver.

Second, Mr. Marotta bases his Third Claim for Relief on a single incident, not a

pattern of violations of citizens' constitutional rights based on any Denver custom or policy. *See Bryan County*, 520 U.S. at 408. A single incident generally will not give rise to liability. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). "Where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 1997) (citation omitted). *See also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under [ Monell ] unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Mr. Marotta does not allege that a Denver policy or custom was unconstitutional or that he was injured by a particular illegal course of action taken pursuant to a decision made by a person with authority to make policy decisions on behalf of Denver.

Third, Mr. Marotta does not allege any facts to suggest specific deficiencies in instruction, supervision, control, or discipline of Defendant Cooper by Denver. There is simply no direct causal link alleged between any action of Denver and any constitutional violation. *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997). As Mr. Marotta alleges no specific conduct apart from that of Defendant Cooper, he "can only be alleging *respondeat superior* liability . . ., which the Supreme Court has ruled cannot support § 1983 liability against municipalities." *Moss*, 559 F.3d at 1169. Moreover, the policy violation must demonstrate deliberate indifference to the rights of the plaintiff. *City of Canton*, 489 U.S. at 388. *See also Carr v. Castle*, 337 F.3d 1221, 1229 (10th Cir. 2003) *(*"The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."*); Bryan County*, 520 U.S. at 407 ("a plaintiff who seeks to establish municipal liability . . . must

demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences.") (internal quotation marks and citation omitted); *Brammer-Hoelter*, 602 F.3d at 1188-89 ("municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused") (internal quotation marks and citations omitted). Other than a conclusory allegation of deliberate indifference, Mr. Marotta has not alleged any facts that would establish deliberately indifferent conduct. *See City of Canton*, 489 U.S. at 390-91 (mere conclusory allegation that officer is unsatisfactorily trained will not "suffice to fasten liability on the city."); *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir.1996) (general, conclusory allegations, without supporting factual averments, are insufficient to state a claim for deliberate indifference in violation of the Eighth Amendment); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996) ("[C]onclusory allegations are not sufficient to state a constitutional violation.") (citation omitted); *Martin v. Dist. of Columbia*, 720 F.Supp.2d 19, 23 (D.D.C. 2010) (granting city's motion to dismiss § 1983 claim based on inadequate training when allegations did "nothing more than recite the required causal elements of custom or policy liability based on deliberate indifference" and plaintiff's "conclusory statements" were "unsupported by additional factual allegations"); *Jones v. Natesha*, 151 F.Supp.2d 938, 944–45 (N.D. Ill. 2001) ("It is not enough for a plaintiff to aver a single, conclusory allegation that the defendants' conduct was deliberately indifferent to the plaintiff's constitutional rights.") (internal quotation marks and citation omitted). In sum, Mr. Marotta's allegations are insufficient to state a claim against Denver under § 1983.

D.   Fed. R. Civ. P. 11

Under Fed. R. Civ. P. 11, "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,"

>   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law or for establishing new law; . . .

Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).  "Such sanctions may include, but are not necessarily limited to, monetary sanctions and restrictions on [the] ability to file further actions in the federal district court. " *Weatherspoon v. Miller*, 2001 WL 2133634 * 1 (D. Colo. May 25, 2011).

Rule 11 applies a standard of objective reasonableness, that is, whether a reasonable attorney admitted to practice before the District Court would file such a document.  *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).  The court must determine whether a reasonable and competent attorney would believe in the merit of an argument.  *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990); *Adamson*, 855 F.2d at 673.  "Parties who file law suits on a pro se basis must comply with the provisions of Rule 11, the same as if they were lawyers."  *Weatherspoon*, 2001 WL 2133634 at * 1 (citations omitted).  Rule 11 requires parties "to conduct a reasonable investigation into the facts that they believe will support their claims, and into the laws that they believe will provide them with a legal basis for seeking relief from the court." *Seiverding v. Colorado Bar Ass'n*, 2003 WL 22400218 at *27-28 (D. Colo. Oct. 14, 2003), *aff'd*, 126 Fed. Appx. 457 (10th Cir. April 22, 2005).  Repetitious litigation may be dismissed as frivolous or malicious and is a proper basis for the imposition of sanctions. *Weatherspoon*, 2001 WL 2133634 at * 1 (citations omitted).

On the date of filing of the Complaint in this civil action, Mr. Marotta was on notice of the legal principles governing his Fourth Amendment claims. *See, e.g., Marotta v. Cortez, et al.*, 08-cv-02421-WJM-CBS, Order Adopting and Affirming November 3, 2009 Recommendation of United States Magistrate Judge (Doc. # 98). The court advises Mr. Marotta that he could be subject to sanctions under Rule 11(b) or other applicable federal rules and statutes and/or state rules and statutes if he fails to conduct a reasonable investigation into the facts and the laws that he believes will provide basis for seeking relief from the court, pursues unnecessary or frivolous pleadings, or otherwise fails to adhere to the Rules of Procedure, including Rule 11.

Accordingly, IT IS RECOMMENDED that:

1. "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (filed September 24, 2010) (Doc. # 12) be GRANTED.

2. Defendant Cooper be dismissed from this civil action with prejudice based on qualified immunity.[5]

3. Defendant City and County of Denver be dismissed from this civil action with prejudice based on Defendant Cooper's qualified immunity and for failure to state a claim for municipal liability.

4. This civil action be dismissed in its entirety.

DATED at Denver, Colorado, this 13th day of July, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

---

[5] *See Stafford v. Goff*, 609 F. Supp. 820, 822 (D. Colo. 1985) (dismissing complaint with prejudice based on qualified immunity);