**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01687-WJM-CBS

MICHAEL P. MAROTTA,

    Plaintiff,

v.

COOPER, M., individually and in her official capacity as a Denver Police Officer, and THE CITY AND COUNTY OF DENVER,

    Defendants.

_____

**ORDER ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the July 13, 2011 Recommendation by U.S. Magistrate Judge Craig B. Shaffer (ECF No. 28) (the "Recommendation") that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 12) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I. BACKGROUND**

The facts relevant to a resolution of the Defendants' Motion to Dismiss are detailed in the Recommendation. Briefly, Plaintiff, proceeding *pro se*, brings claims arising from his arrest on August 6, 2009, alleging that Defendant Cooper, while on duty as a police officer in the employ of the City and County of Denver ("Denver"), arrested Plaintiff without probable cause, without a warrant, and in the absence of exigent circumstances. (Comp. (ECF No. 1 at 6-7.)) Plaintiff sues Defendant Cooper

"individually and in her official capacity as a Denver Police Officer."  (*Id*. at 1.)[1]  Plaintiff also alleges that Defendant Denver "pursuant to official policy or custom or practice . . . failed to instruct, supervise, control, and/or discipline Defendant Cooper."  (*Id*. at 8.)

Plaintiff brings three claims under Title 42 U.S.C. § 1983 for violation of his constitutional rights: (1) "Fourth Amendment Violation - Unlawful Seizure" against Defendant Cooper; (2) "Fourth Amendment Violation - Unlawful Search" against Defendant Cooper; and (3) "Failure to Instruct, Supervise, Control, and/or Discipline Directed Against the City and County of Denver Cognizable under 42 U.S.C. § 1983."  (*Id*. at 2.)

Defendants filed a Motion to Dismiss Plaintiff's Complaint on September 24, 2010.  (Motion (ECF No. 12.))  Defendants' Motion to Dismiss requests that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and based on qualified immunity.  (*Id*.)

On the July 13, 2011, the Magistrate Judge issued his Recommendation that Defendants' Motion to Dismiss Plaintiff's Complaint be granted.  (Rec. (ECF No. 28.))  Plaintiff filed timely Objections to the Recommendation (Obj. (ECF No. 29)), Defendants responded to those Objections (Resp. (ECF No. 30)), and Plaintiff replied to

---

[1]   A § 1983 claim is properly plead against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant. [O]fficial capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent. . . . Where a suit contains both entity and official capacity claims, the only defendant is the entity.

*Davoll v. Webb*, 943 F. Supp. 1289, 1295 (D. Colo. 1996) (internal quotation marks and citations omitted).

Defendants' Response.  (Reply (ECF No. 31.))

For the reasons stated below, Plaintiff's objections to the Recommendation are OVERRULED, the Magistrate Judge's Recommendation is ADOPTED in its entirety, and Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED.

## II.  LEGAL STANDARD

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla*., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

**A.    First Claim for Relief against Defendant Cooper for Unlawful Seizure**

The Magistrate Judge recommends the dismissal of Plaintiff's First Claim for Relief against Defendant Cooper for unlawful seizure in violation of Plaintiff's Fourth Amendment Rights.  (Rec. at 6-9.)  After a thorough analysis, the Magistrate Judge

determined that Defendant Cooper was entitled to qualified immunity in her individual capacity as to Plaintiff's First Claim.  (*Id.*)  Plaintiff objects to this recommendation.  (Obj. at 2-3.)

Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law."  *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970).  To maintain a claim for unlawful warrantless arrest, Plaintiff must demonstrate that his Fourth Amendment right to be free from unreasonable search and seizure has been violated.  *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996).

The court must "analyze the constitutionality of a warrantless arrest under the probable cause standard."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (citations omitted).  "A warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime."  *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (internal quotation marks and citation omitted).  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."  *Romero*, 45 F.3d at 1476 (internal quotation marks and citations omitted).

When a warrantless arrest is the subject of a § 1983 action, the arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff.  *Hunter v. Bryant*, 502 U.S. 224, 228

(1991).  "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotation marks and citation omitted).  Where no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, "the inquiry ends and the officer is entitled to qualified immunity."  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

      The Court agrees with the Recommendation's finding that Plaintiff has not stated a claim against Defendant Cooper for unlawful arrest in violation of the Fourth Amendment.  (Rec. at 6-9.)  Plaintiff's own allegations state that his arrest was based upon a complaint from another citizen.  (Comp. at 4-5.)  Thus, his allegations indicate that Defendant Cooper had probable cause to arrest Plaintiff.  *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[P]olice officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."); *Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000) (internal citation omitted) ("We have found probable cause to arrest based upon uncorroborated citizen complaints . . .").

      Accordingly, since Plaintiff's own allegations indicate that Defendant Cooper had probable cause to arrest Plaintiff, she is entitled to qualified immunity in her individual capacity.  *See Wilder*, 490 F.3d at 813.  While Plaintiff objects to this recommendation and asserts that no exigent circumstances justified his warrantless arrest (Obj. at pg. 2),

"[a] warrantless arrest in public with probable cause does not violate the Fourth Amendment, even though exigent circumstances do not exist." *United States v. Maez*, 872 F.2d 1444, 1449 n.7 (10th Cir. 1989) (citation omitted).

As such, the Court dismisses with prejudice Plaintiff's First Claim for Relief against Defendant Cooper for unlawful seizure.

**B.     Second Claim for Relief against Defendant Cooper for Unlawful Search**

The Magistrate Judge also recommends the dismissal of Plaintiff's Second Claim for Relief against Defendant Cooper for unlawful search in violation of Plaintiff's Fourth Amendment Rights. (Rec. at 9-10.) The Magistrate Judge found that Defendant Cooper is entitled to qualified immunity in her individual capacity as to Plaintiff's Second Claim. (*Id.*) Plaintiff objects to this recommendation. (Obj. at pg. 1-3.)

The Court agrees with the Magistrate Judge's recommendation as to Plaintiff's Second Claim. "A warrant is not required for a search incident to a [lawful] arrest. . . ." *United States v. Franco*, 981 F.2d 470, 472 (10th Cir. 1992) (citations omitted). Because the Court finds that Plaintiff's warrantless arrest here was constitutionally permissible, so too was Defendant Cooper's warrentless search of Plaintiff's person. *See Lavicky v. Burnett*, 758 F.2d 468, 474 (10th Cir. 1985). Therefore, Plaintiff's Second Claim for Relief against Defendant Cooper for unlawful search is dismissed with prejudice.

**C.     Third Claim for Relief against Defendant Denver**

Plaintiff brings his Third Claim for Relief against Defendant Denver for failing "to instruct, supervise, control, and/or discipline Defendant Cooper." (Comp. at 7-9.) The

Magistrate Judge recommends dismissal of Plaintiff's Third Claim as well. (Rec. at 10-13.) Plaintiff objects to this recommendation. (Obj. at 3.)

The Court concurs with the Magistrate Judge that Plaintiff's Third Claim for Relief against Defendant Denver must be dismissed. Because Plaintiff fails to state a claim against Defendant Cooper for a constitutional violation, no liability exists for the City and County of Denver. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal quotation marks and citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("[A] municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Accordingly, the Court dismisses with prejudice Plaintiff's Third Claim for Relief against Defendant Denver.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections (ECF No. 29) to the Magistrate Judge's July 13, 2011 Recommendation are OVERRULED and the Recommendation (ECF No. 28) is ADOPTED in its entirety;

2. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 12) is GRANTED;

---

[2] The Magistrate Judge also reminded Plaintiff that he could be subject to sanctions under Rule 11(b) or other applicable federal rules and statutes and/or state rules and statutes if he fails to conduct a reasonable investigation into the facts and the laws that he believes will provide basis for seeking relief from the court, pursues unnecessary or frivolous pleadings, or otherwise fails to adhere to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11. The Court reiterates this reminder.

3. Defendant Cooper is DISMISSED from this action with prejudice;

4. Defendant City and County of Denver is DISMISSED from this action with prejudice; and

5. This action is DISMISSED WITH PREJUDICE in its entirety.

Dated this 27th day of January, 2012.

BY THE COURT:

*[signature]*

William J. Martínez
United States District Judge